# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| NICOLE L. HARRISON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  4:17-cv-03297 |
| PROCOLLECT, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes NICOLE L. HARRISON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PROCOLLECT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, and the Texas Deceptive Trade Practices Act ("DTPA") under Tex. Bus. & Com. Code § 17 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

PARTIES

4.   Plaintiff is a 32 year old natural person residing at 15198 Paradise Cove Drive, Willis Texas, which falls within the Southern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is "one of the nation's premier debt collection agencies . . . ."[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located in Dallas, Texas. Defendant's registered agent is John W. Bowdich whose registered address is 10440 North Central Expressway, Suite 1540, Dallas, Texas.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.    During the spring 2017, Plaintiff began receiving calls to her cellular phone, (936) XXX-9449, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9449.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://procollect.com/

11. Defendant has mainly used the phone number (214) 382-4871 when placing calls to Plaintiff's cellular phone.

12. Upon information and belief, the above referenced phone number ending in 4871 is regularly utilized by Defendant during its debt collection activity.

13. Upon answering calls from Defendant, Plaintiff experiences a pre-recorded message and noticeable pause before she is connected with a live representative.

14. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon a debt said to be owed by Plaintiff.

15. The debt at issue is said to be for a debt allegedly incurred by Plaintiff when Plaintiff had a dispute with her previous landlord.

16. When Defendant first started calling Plaintiff, Plaintiff tried to make payment arrangements with Defendant.

17. However, Plaintiff eventually got frustrated by Defendant's conduct and told Defendant to stop calling her.

18. Despite Plaintiff's demands, Defendant has continued to persistently place collection calls to her cellular phone up until the date of the filing of this action.

19. Plaintiff has received not less than 10 phone calls from Defendant since asking it to stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22.  With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $59.00 to purchase and maintain an application on her cellular phone to help quell Defendant's calls.  However, the communications have continued.

23.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2004.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a.  Violations of FDCPA §1692c(a)(1) and §1692d**

---

[2] http://www.acainternational.org/search#memberdirectory

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 10 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive.  The frequency of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

   **b.  Violations of FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to ceaselessly contact her via automated calls.  Instead of putting an end to this harassing behavior, Defendant systematically placed voluminous calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment.

Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 10 times after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 19 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, NICOLE L. HARRISON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38.   Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

40.   Defendant used an ATDS in connection with its communications directed toward Plaintiff's cellular phone.  The noticeable pause and pre-recorded message which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

41.   Defendant violated the TCPA by placing at least 10 phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

42. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, NICOLE L. HARRISON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

  a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.   Awarding Plaintiff costs and reasonable attorney fees; and

d.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

44.   Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

47. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.   Violations of TDCA § 392.302**

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

49. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 10 times after she notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment.  The nature and frequency of phone calls would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff, NICOLE L. HARRISON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

50.  Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51.  The DTPA states:

> "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code." Tex. Bus. & Com. Code § 17.46.

52.  Plaintiff is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

53.  Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4).

54.  Defendant is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

55.  Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

56.  Defendant violated the DTPA by engaging in an unlawful deceptive act or practice in contacting Plaintiff.  Defendant relentlessly called Plaintiff through means of an ATDS when she demanded that it stop calling her.  Defendant ignored Plaintiff's requests and continued to systematically place calls to her cellular phone without her consent.  By doing so, Defendant

falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not.  Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in a deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

57. The DTPA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendants.

58. The DTPA further states:

> "A consumer may maintain a cause of action where [ ] the following constitute[s] a producing cause of economic damages or damages for mental anguish: any unconscionable action or course of action by any person." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

59.  As pled in paragraphs 19 through 23, Plaintiff has suffered actual damages as a result of Defendant's unconscionable practices, including expending money to purchase and maintain an application on her cellular phone.  As such, Plaintiff is entitled to relief pursuant to Tex. Bus. & Com. Code. § 17.50(b)(1)(3).  An award of three times actual damages and punitive damages is appropriate because Defendant's conduct was committed knowingly and intentionally.   After Defendant was notified by Plaintiff that she did not wish to receive any more phone calls, Defendant clearly knew that it should no longer contact Plaintiff.  Yet, Defendant acted in defiance of Plaintiff's prompts and the law by continuing to bombard her with collection calls.  In an unfair and unconscionable manner, Defendant called Plaintiff at least 10 times in an attempt to harass her into submission.

60.  As stated, Defendant is also in violation of the TDCA.  "A violation of the TDCA is a per se deceptive trade practice under the DTPA, and is actionable under the DTPA." Tex. Fin. Code. Ann. § 392.404(a).

61.  Thus, Defendant's harassment campaign does not only violate the TDCA, as evidenced above, but also constitutes a per se deceptive trade practice pursuant to the DTPA.  Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Texas and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, NICOLE L. HARRISON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

g.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

h.  Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code. §17.50(b)(1)(3);

i.  Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. & Com. Code §17.50(b)(1);

j.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

k.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Bus. & Com. Code § 17.50(d);

l.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 30, 2017                              Respectfully submitted,

<u>s/ Nathan C. Volheim</u> (Lead Attorney)          <u>s/Taxiarchis Hatzidimitriadis</u>
Nathan C. Volheim, Esq. #6302103                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                            Counsel for Plaintiff
Admitted in the Southern District of Texas       Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                         Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
(630) 568-3056 (phone)                           (630) 581-5858 (phone)
(630) 575-8188 (fax)                             (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                         thatz@sulaimanlaw.com